UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Duchicela Galvez,<br><br>          Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A., DOES 1 to 50,<br><br>          Defendants. | Case No.: 18-cv-0782-AJB-MDD<br><br>**ORDER DISMISSING COMPLAINT AND FINDING AS MOOT PLAINTIFF'S IFP MOTION**<br>**(Doc. No. 2)** |

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 for claims arising from an alleged improper foreclosure sale. (Doc. No. 1 at 4.) Galvez alleges defendant Wells Fargo Bank, N.A. violated Galvez's constitutional rights and denied Galvez due process by using "improper mortgage company procedures both servicing through an independent broker/realtor, and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities." (*Id.*) Galvez claims fraud, negligence, and misrepresentation "attributed to Defendants' multiple violations of ignoring proper loan procedures." (*Id.*)

## I.  LEGAL STANDARDS

Galvez filed an in forma pauperis motion under 28 U.S.C. § 1915. (Doc. No. 2.) All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.

1

*See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

When reviewing an IFP motion under 28 U.S.C. § 1915(e)(2), the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Also, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v.*

2

*MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

## II. DISCUSSION

Galvez's complaint fails to state a federal claim for at least two reasons. First, Galvez fails to discern what constitutional right Wells Fargo allegedly deprived Galvez of. Second, Galvez fails to show Wells Fargo was acting under color of state law.

As to the first point, § 1983 is a vehicle in which a person may sue a state or local official for deprivation of their constitutional rights. Section 1983 does not provide relief in and of itself. In the complaint, Galvez states the constitutional bases for the causes of action lies in 28 U.S.C. §§ 1331–1446, as well as Article III of the U.S. Constitution. (Doc. No. 1 at 3.) However, §§ 1331–1446 covers the gambit of federal procedure and claims; from Federal Question Jurisdiction (§ 1331), Postal matters (§ 1339), to Indian allotments (§ 1353), and Multiparty, multiforum jurisdiction (§ 1369). Sections §§ 1390–1413 relate to proper venue in federal district courts and thus cannot act as a basis for a § 1983 action. Sections 1441–1446 deal with removal of cases from state court and similarly cannot provide a § 1983 claim basis. Finally, Article III of the Constitution vests judicial power in the Supreme and lower Courts, and thus is of no help. The sections Galvez cites fail to provide a foundation to any reasonable § 1983 claim. Moreover, Galvez states later in the complaint that the action is for fraud, negligence, and misrepresentation. (Doc. No. 1 at 4.) While these causes of action provide a valid legal foundation for a complaint, they are not constitutional in nature; and Galvez fails to argue how any fraud, negligence, or misrepresentation triggers constitutional violations. Thus, the Court finds Galvez fails to state a claim for which relief can be granted.

Further, the complaint's 144-word fact section fails to state a cognizable claim. (*Id.*) It is unclear to this Court what precisely Galvez is accusing Wells Fargo of. While Galvez cites to "improper mortgage company procedures," "ignoring proper loan procedures," and a "foreclosure sale" which "was held illicitly," there is simply not enough facts to illuminate the alleged injustice Galvez faced. If the Court allowed this case to continue,

3

18-cv-0782-AJB-MDD

Wells Fargo would likely experience difficulty in defending itself against such a vague claim.

As to the second issue, under § 1983, a remedy can only be secured when the constitutional deprivation takes place by a defendant who is acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . ." 42 U.S.C § 1983; *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). A plaintiff alleging an actor has acted under state law must show the "actions complained of are 'fairly attributable' to the government." *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997).

Galvez fails to adequately allege this fact in the complaint. (Doc. No. 1 at 4.) In response to a form question asking Galvez to "explain how each defendant acted under color of state or local law," Galvez responds by stating:

> PER 28 USC, 1331-1446, INCLUDING, BUT NOT LIMITED TO, INDIVIDUAL CIVIL RIGHTS PERTAINING TO THE CONSTITUTION OF THE UNITED STATES, FEDERAL JURISDICTION IS APPLICABLE AND JUSTIFIED AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000. AMOUNT IS NOW ESCALATED TO $1,250,000.00.

(*Id.*) This response fails to show how Wells Fargo's actions in this case amounted to state action. Because the complaint is so imprecise on what Galvez is accusing Wells Fargo of, it would be futile for the Court to attempt to guess what actions could be construed as state actions.

### III. LEAVE TO AMEND

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). Here, the Court **GRANTS** Galvez leave to amend. While this complaint is woefully bare, Galvez could potentially plead enough facts to state a claim under § 1983.

4

18-cv-0782-AJB-MDD

A private entity normally cannot be liable under § 1983 unless the entity's conduct amounts to state action. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Only in four scenarios would a private party's conduct constitute state action: "(1) the entity serves a public function, (2) it acted in concert with the state, (3) it acted under government compulsion or coercion, or (4) its conduct has a 'close nexus' with the state and therefore 'may be fairly treated as that of the state itself.'" *Martinez-Rodriguez v. Bank of America*, No. C 11–06572 CRB, 2012 WL 967030, at *2 (N.D. Cal. Mar. 21, 2012) (citing *Kirtley*, 326 F.3d at 1092–95).

In the amended complaint, Galvez must allege (1) facts illustrating a clearer picture of the bases of his claims, (2) which specific constitutional deprivation he experienced under § 1983, and (3) how Wells Fargo's actions amount to state action.

### IV. CONCLUSION

Because Galvez's complaint fails to state a claim, the Court **DISMISSES** it under 28 U.S.C. § 1915(e)(2) with **LEAVE TO AMEND**. Galvez must file the amended complaint, curing the deficiencies noted herein, and must either pay the filing fee or file an updated in forma pauperis motion by **May 24, 2018**. The Court **FINDS AS MOOT** Galvez's current IFP motion. (Doc. No. 2.)

**IT IS SO ORDERED.**

Dated: April 27, 2018

Hon. Anthony J. Battaglia
United States District Judge