# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHICELA GALVEZ,<br><br>                      Plaintiff,<br>vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br>                      Defendant. | CASE NO. 18cv782-LAB (AGS)<br><br>**ORDER GRANTING MOTION TO DISMISS [Dkt. 10];**<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

This is the second case Plaintiff Duchicela Galvez has filed *pro se* in this Court against the same defendant on the same set of facts. On March 28, 2018, she filed Case No. 18cv633-LAB, alleging that Defendant Wells Fargo violated 42 U.S.C. § 1983 in connection with its attempts to foreclose on her home. Wells Fargo filed a Motion to Dismiss and Galvez failed to oppose the motion, so the Court dismissed her case. *See* Case No. 18cv633-LAB, Dkt. 10. On April 23, 2018, she filed her initial Complaint in the current case, which was nearly identical to her complaint in the previous case. On April 27, 2018, the Court screened and dismissed her Complaint for failure to state a claim, but granted her leave to amend if she could fix the deficiencies the Court identified. Dkt. 3. Plaintiff then filed a First Amended Complaint, which added only a single sentence and failed to correct the significant deficiencies the Court had flagged. Accordingly, the Court dismissed her First Amended Complaint with leave to amend, but warned that she was

not to "file[] the same pro forma complaint alleging violations under § 1983." Dkt. 8. But Galvez did just that – her Second Amended Complaint is an exact copy of the complaint from her *previous* action, with the only difference being that she increased her claim for damages from $1,250,000 to $1,500,000.

On August 10, 2018, Wells Fargo filed this Motion to Dismiss Galvez's Second Amended Complaint. As with her original case, Galvez failed to oppose this motion within the time required. After she missed her deadline to oppose, the Court vacated the hearing and gave her one additional week to file an opposition. The Court cautioned that if she failed to file an opposition, it would construe her silence as consent to Wells Fargo's motion being granted. Dkt. 11. That week has come and gone, but Galvez still has not filed an opposition. Given her history of filing consecutive complaints but not opposing their dismissal, this Court can only conclude that she is more interested in delay than in litigating her claims. Wells Fargo's Motion is **GRANTED**, (Dkt. 10), and Galvez's Second Amended Complaint is **DISMISSED WITH PREJUDICE.** Dkt. 9. The clerk is directed to close this case.

**IT IS SO ORDERED**.

Dated: October 30, 2018

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge